## Brown's Estate.

*Practice—Order of Supreme Court—Province of court below.*

Where in remanding a case to the orphans' court the Supreme Court makes an order "for leave to parties to offer additional evidence as to the purpose for which the money represented by the checks in evidence . . . . was paid by the appellant to the decedent; and for leave to the orphans' court thereupon to reconsider the case on that point" the order carries its limitation upon its face and the orphans' court has no authority to review the whole case over again.

Argued Nov. 3, 1905. Appeal, No. 192, Oct. T., 1905, by Nattie W. McLean, from decree of O. C. Allegheny Co., May T.,

1904, No. 54, dismissing exceptions to adjudication in estate of Joseph O. Brown, deceased.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Reversed.

Exceptions to adjudication.   Before HAWKINS, P. J.

The essential facts are stated in the opinion of the Supreme Court and in a former report of the case, 210 Pa. 493.

*Error assigned* was decree dismissing exceptions.

*D. T. Watson,* with him *Burleigh, Gray & Challener* and *Edmond Englert,* for appellant.

*W. B. Rodgers,* with him *J. Rodgers McCreery,* for appellee.

PER CURIAM, January 2, 1906 :

When this case was here before, 210 Pa. 493, it presented two questions: First, did the appellant occupy such a confidential relation to the decedent as to require from her a higher measure of proof of her claim than is required in ordinary cases; and, secondly, was her claim made out?   On the first question the court were unanimously of opinion that there was no such confidential relation shown and the court below was in error in requiring more than ordinary proof.   On the second question the majority of the court thought the claim made out, and the decree of the court below was therefore reversed with direction to allow the claim.   In reaching this conclusion the majority of this court was largely influenced by the fact that appellant's evidence, while not above criticism in some particulars, did on the whole present the only explanation offered of the uncontested fact that appellant had given the decedent more than $10,000 at times and in amounts approximately, though by no means accurately, corresponding to his purchases of the stock in question, and the only answer that met " the vital and constantly recurring question, what was the money given to Brown for? "

After the decision was rendered the executrix of decedent filed a petition for reargument, or an order remitting the case to the orphans' court " to take additional testimony upon such points as this court may think proper, and afterwards enter a

new decree." Thereupon this court made an order in these terms, "April 10, 1905. Rule absolute for leave to parties to. offer additional evidence as to the purpose for which the money represented by the checks in evidence amounting to $10,540.21 was paid by the appellant to the decedent: and for leave to the orphans' court thereupon to reconsider the case on that point."

This order was carefully drawn, and was intentionally made much more limited than the reargument asked for. It carried its limitation upon its face, and would seem explicit as judicial writing is always expected to be. But the court below appears to have totally misapprehended it, and, after receiving some ad-. ditional evidence as to other transactions, proceeded to review the whole case over again and reiterate its opinion that the appellant had not made out her claim. This was beyond its authority. That point had been decided, and was not open to further question unless new evidence should show a better explanation of what the $10,000 were given to Brown for. There was no such evidence, nor even effort to produce it. "The suggestion" said the learned president of the court, "that because there did not appear to have been any other transaction between the parties than the alleged purchase of Colonial stock, is not sustained by the facts. There were many trans-. actions to which these checks might have been applicable." There was no such suggestion. That there had been other transactions was admitted in the first argument, and referred to in the opinion of this court, "what was the money given to Brown for? The only answer suggested is the conjecture that it was for some other transaction, the date, amount and character of which are not even suggested in the evidence." It was to give., opportunity to supply some particulars of date, amount or other kind, which would connect these other transactions with the money admittedly given by appellant to Brown, that the case was reopened. While it was freely conceded that the proof of. appellant's claim was not beyond criticism, there was no proof at all that any of the other transactions had any connection whatever with the checks except the unsupported conjecture that they "might have been applicable."

Decree reversed, and appellant's claim directed to be reinstated and allowed.