Robert J. Pasquarello, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Submitted on briefs April 10, 1980, to President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Stanley Bashman,* for appellant.

*Richard S. Kohn,* with him *James M. Penny, Jr.,* Assistant City Solicitor and *Tyler E. Wren,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE BLATT, July 1, 1980:

Robert J. Pasquarello (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Philadelphia Civil Service Commission (Commission) denying

his application under Regulation 32 of the Commission for permanent partial disability due to a back injury. Regulation 32 was adopted pursuant to Section 7.7-400 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-400, to provide benefits for disabled employees of the City. Benefits obtained under Regulation 32 are complementary in some instances[1] to benefits obtained under The Pennsylvania Workmen's Compensation Act[2] (Workmen's Compensation Act).

The record reveals that the appellant had a history of injuries while employed as a Philadelphia policeman. He suffered injuries to his shoulder, groin and back while making an arrest in February of 1968, injuries to his shoulder, hand and back when he was beaten by a group of people while he was making arrest in May of 1970, and injuries to his chest and back when his patrol wagon was involved in an accident in October of 1970. He did not return to work after the last accident.

---

[1] Regulation 32.09 provides:

(a) If as a result of service-connected injury or illness an employee becomes entitled to Workmen's Compensation benefits under the Act of June 2, 1915, P.L. 736, as amended, the benefits to which the employee is entitled under the terms of this Regulation, including supplementary pay received in secondary positions, for any particular week, shall, to the extent and in the amount of Workmen's Compensation benefits payable for that week, be considered a payment of wages in lieu of compensation, provided, however, that this subsection (a) shall not apply to such physical losses as are governed by subsection (b) hereof.

(b) Payments to which an employee becomes entitled under the Workmen's Compensation Act by reason of any permanent losses of a physical organ or part of the body, or of its use, as defined by Section 306(c) of the Workmen's Compensation Act, except payments provided for under subsection (2) of that section, shall not be considered as wages in lieu of compensation.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

In May of 1971, the appellant's claim for compensation was refused by the Philadelphia Commissioner of Police on the basis that his alleged back injury was not service-connected as is required for compensation under Regulation 32.022. This determination was appealed to the Commission, which denied the appeal on the same grounds on December 14, 1971. An appeal was then taken to the common pleas court, which on June 12, 1973, remanded the case to the Commission pursuant to an agreement between the parties to re-evaluate the appellant's condition in the light of a more recent physical examination by the appellant's physician. However, because of what the lower court and the parties describe as a "clerical error",[3] over four years elapsed before the Commission conducted the remand hearing, after which the Commission again denied benefits on January 27, 1977 and the appellant appealed to the common pleas court, which affirmed the Commission on June 20, 1979. In the interim between the 1973 remand by the court and the 1977 hearings by the Commission, the appellant pursued his other administrative remedies under the Workmen's Compensation Act and in April of 1974, a workmen's compensation referee awarded him benefits for total disability due to what the referee found to be a work-related back injury.

The appellant attacks the court's affirmance of the Commission's denial of benefits on two grounds: first, that the Commission's order was not based on substantial evidence and, second, that the determination by the workmen's compensation referee that the back injury was work related should have had the effect of collateral estoppel upon the Commission's findings.

Where, as here, the lower court limited itself to a review of the record and took no additional evidence,

---

[3] Neither the Commission nor the appellant indicate the nature of the error, nor do they contend that it is an issue in this case.

our scope of review "is limited to a determination of whether the constitutional rights of the appellant were violated by the Commission, or that the Commission manifestly abused its discretion or committed an error of law." *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 625, 320 A.2d 406, 409 (1974). Although our careful review of the record leads us to conclude that the Commission did not capriciously disregard evidence concerning the cause of the appellant's injury, nevertheless, we must reverse the order of the court because of the Commission's failure to consider the possible collateral estoppel effect of the findings by the workmen's compensation referee.

In *Hays, supra*, we held that the principles of law laid down by the courts in interpreting the Workmen's Compensation Act are applicable in the interpretation of similar provisions in Regulation 32. Moreover, in *Harrington v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974), which was decided while the proceedings herein were on remand to the Commission, we held that a determination by the Commission that the injuries of an employe were not "caused by accident . . . which is service-connected" for the purposes of Regulation 32.022 can have the effect of collateral estoppel in a workmen's compensation case on the issue of whether or not the injuries were sustained "while the employe is acually engaged in the furtherance of the business or affairs of the employer" for the purposes of Section (301)(c) of the Workmen's Compensation Act, 77 P.S. §411.

When it acted on the remand order here, the Commission refused to consider the possibility of collateral estoppel because the court's remand order contained the specific directive that the "matter be remanded so that the Commission could reevaluate the matter in the light of [the physician's] latest report," and be-

cause a lower court or agency must generally comply with a remand directive of the reviewing court without variation or departure. *Brown's Estate,* 213 Pa. 604, 63 A. 133 (1906). In the present context, however, because the law applicable to the issue of collateral estoppel in Regulation 32 cases underwent a significant first-impression interpretation during the period of the remand, we believe that the Commission could and should have prudently departed from its technical and literal compliance with the remand directive. *See 46 South 52nd Street Corp. v. Manlin,* 404 Pa. 159, 172 A.2d 154 (1961). We also believe that the court of common pleas erred in affirming the Commission's order which had refused consideration of collateral estoppel. Because the court's affirmance of the Commission's order is not in accordance with the law as set forth in *Harrington, supra,* we must reverse the lower court and remand the case to permit the appellant an opportunity to assert his contention of collateral estoppel.

## ORDER

AND Now, this 1st day of July, 1980, the order of the Court of Common Pleas of Philadelphia County is reversed in part and the record is remanded for application of the principles of collateral estoppel in accordance with a foregoing opinion.