546 A.2d 747

Clarence A. Williams, Petitioner *v.* Workmen's Compensation Appeal Board (City of Philadelphia), Respondents.

Argued June 17, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Floyd W. Cotlar, Kirschner, Walters & Willig,* for petitioner.

*Stephen A. Sawyer,* Deputy City Solicitor, for respondent, City of Philadelphia.

OPINION BY SENIOR JUDGE BARBIERI, August 23, 1988:

Claimant in this workmen's compensation case, Clarence A. Williams, formerly a laborer for the City of

Philadelphia, totally disabled since December 15, 1977, seeks review of an order of the Workmen's Compensation Appeal Board (Board), which reversed an award by a referee in his favor, the reversal on the basis that his claim was barred by collateral estoppel by reason of a Philadelphia Service Commission decision.

Claimant was found by the referee to be totally disabled as the result of "recurrent discogenic damage" suffered on December 15, 1977 in the course of his employment as the result of a strain to his lower back at that time. Claimant first sought benefits under Philadelphia Civil Service Regulation 32.12 on appeal to the Civil Service Commission on April 8, 1980. Claimant also filed a claim petition with the workmen's compensation authorities of Pennsylvania on September 11, 1980. Defendant in an answer containing no specific averments, simply "1-6 Denied, 8-13 Denied" followed by a statement "the aforesaid is denied in as much as the defendant has not yet had the time to verify their accuracy." Page 6a of the Reproduced Record.

Chronologically, the next event was the decision by the Philadelphia Civil Service Commission on October 16, 1980 which was unappealed by Claimant. Instead, Claimant pursued his workmen's compensation claim, on which a pre-trial conference was held on December 9, 1980, the first hearing before a referee on February 3, 1981 and the last hearing at which testimony was taken was on May 5, 1981 when Claimant rested his case. Thereafter, the City of Philadelphia requested continuances on three occasions and, a final listing for a hearing on January 31, 1982, when, for the first time, the City entered a plea of collateral estoppel on the basis of the unappealed Civil Service Commission decision of October 16, 1980.[1] The referee found:

---

[1] We note that at the first hearing Claimant's counsel made a motion to amend the Claim Petition to read as a reinstatement

16. That on January 21, 1982, after continuing this matter three times since Claimant's case was rested, and one and one-half years after the Claimant's Petition was filed, Defendant raised for the first time the affirmative defense of collateral estoppel, relying upon the Civil Service Commission decision dated October 16, 1980.

The referee's conclusions on which compensation was ordered for total disability, read:

1. That Defendant has waived its affirmative defense of collateral estoppel by failing to raise it in a timely fashion at the outset of the case.

2. That the Regulation 32.12 decision of the Civil Service Commission does not have the effect of collateral estoppel in the Claimant's Workers' Compensation claim.

On appeal from the referee's award, the Board reversed, noting that the "City presented the Decision of the Civil Service Commission but no oral testimony."

As to Claimant's contention that the plea of collateral estoppel, being an affirmative defense, could not be available to Employer, since it had not been pleaded, the Board stated:

While it would have been better practice to have plead [sic] the affirmative defense or at least to have raised it early in the proceedings rather

---

petition and the motion was granted by the referee over the objection of counsel for the City. The basis for this was Claimant's contention that the City had admitted liability by paying Claimant full wages during a period of disability following his injury. We will not consider this, as neither the referee nor Board did, since whatever questions this might raise would not be relevant to the principles on which our decision will be based, but we note in passing that still no answer was filed following the granting of this motion by the Claimant, nor was there any mention of the affirmative defense of collateral estoppel until Claimant's case had been completed, as our opinion states.

than waiting until Claimant had closed its case, we cannot say that Claimant was unfairly surprised or prejudiced by the introduction of the Civil Service Decision and the collateral estoppel argument during Defendant's case.

The Board cited and quoted from our decision in *Yellow Freight System v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 1, 423 A.2d 1125 (1981) which clearly states:

It is not a novel concept that 'affirmative' defenses not raised in an effectively filed pleading are deemed waived; and proof of them is barred. See Teodori v. Penn Hills School District Authority, 413 Pa. 127, 196 A.2d 306 (1964); Lewis v. Spitler, 266 Pa. Superior Ct. 201, 403 A.2d 994 (1979); Birdman v. Medley, 261 Pa. Superior Ct. 23, 395 A.2d 285 (1978). It is true that the general rules of pleading and civil procedure do not govern workmen's compensation proceedings. However, Section 416 of the Workmen's Compensation Act precludes evidence from an adverse party who has. not filed an answer to a claim petition, in accordance with the terms of that Section, absent adequate excuse or dispensation. (423 A.2d at 1127)

Having included this quotation from *Yellow Freight*, the Board commented as follows:

The Board's interpretation of this paragraph is that if a Defendant failed to file a timely and responsive answer, it cannot raise an affirmative defense during the case. (Here, the City of Philadelphia filed a timely answer.) The Court did not state that workmen's compensation practice requires the pleading of affirmative defenses as it [sic] required in civil practice.

We must disagree with the Board's view of collateral estoppel and the failure to raise that issue, which was

quite available before the Claimant attempted to put on any of his case.[2]

Although the City filed a document in the form of an answer, as we have noted, it was a worthless filing and, furthermore, there was never an effort of which we are aware to add the specific details required in a proper answer, nor was there ever any effort to move for an amendment to include the affirmative defense of collateral estoppel any time until a year and one-half after Claimant had completed the presentation of his case. We cannot agree that the Claimant suffered no prejudice resulting from the City permitting the Claimant to go through the expense and effort of presenting his entire case before springing on him an affirmative defense which if permissible and valid on the merits, as the Board would hold, would have the effect of nullifying Claimant's entire trial retroactively. Such is not the law of this Commonwealth. Indeed, this Court has considered the timeliness and requirements for a valid answer, under Section 416, 77 P.S. §821, discussing also *Yellow Freight*, in the case of *Straub v. Workmen's*

---

[2] We have been referred to the recent Supreme Court case of *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987), but find that it is not determinative here. Aside from the divergent views of the justices, who all concurred in the result ruling out res judicata, it would appear that neither res judicata nor collateral estoppel was involved there, since in the prior decision urged as the res judicata adjudication the Board actually directed the filing of the second petition in lieu of a remand. Mr. Justice FLAHERTY, speaking for himself and two other members of the Court stated:

> The second petition, which was ordered by the board, was filed in proceedings which were merely an extension of the original proceeding to recover benefits and not in a separate, second proceeding. Until the board made its final adjudication, the doctrine of res judicata could have no application.

*Compensation Appeal Board (City of Erie),* 114 Pa. Commonwealth Ct. 224, 538 A.2d 965 (1988).

The lack of prejudice argument relied upon by the Board in this case, was also raised in *Straub,* where we stated:

> The only excuse offered by the employer is that petitioner was not prejudiced by the failure to file a timely answer. With this contention, we disagree. *Yellow Freight* held that a referee's ruling 'that the employer's failure to file its answer, within 15 days of being served with the claim petition, constituted an admission of the allegations in the petition.'
>
> . . . .
>
> By allowing the employer to file late, *it was given an opportunity to present evidence that should not have been available to the referee when he made his determination* as to when petitioner knew or should have known of his work-related injuries to satisfy the 120 day notice provision of the Act. In *Yellow Freight,* we determined that the employer's evidence should not have been admitted for failure to timely file an answer in accordance with Section 416. We must similarly rule here. (Emphasis added.)

As we have indicated, the answer filed by the City here was a worthless document and there was never an attempt to our knowledge to amend, and only the presentation of the Civil Service Commission decision in lieu of testimony on January 21, 1982, a year and one-half after the Civil Service Commission order of October 16, 1980.

We conclude that the affirmative defense of collateral estoppel which at the very latest should have been raised at the pre-trial conference on December 9, 1980, but no later than the first hearing on February 3, 1981,

must be deemed to have been waived. *Yellow Freight*. As in *Straub*, we must exclude the unpleaded, and un-mentioned during the trial, affirmative defense of collateral estoppel.[3] Accordingly, we will reverse the decision of the Board and reinstate that of the referee.

### ORDER

Now, August 23, 1988, the order of the Workmen's Compensation Appeal Board, as of No. A-85140, dated February 18, 1987, is reversed and the referee's decision granting benefits is reinstated.

---

[3] In view of our decision that collateral estoppel cannot be raised at the stage when the City first introduced that affirmative defense into this case, we will not consider whether or not the doctrine could be applied pursuant to such cases as *Pasquarello v. Civil Service Commission of Philadelphia*, 52 Pa. Commonwealth Ct. 494, 416 A.2d 106 (1980) and *Harrington v. Philadelphia*, 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974).