546 A.2d 765

James F. Rossmaier, Appellant *v.* Civil Service Commission of City of Philadelphia, Appellee.

250

Argued June 13, 1988, before Judge MacPhail, and Senior Judges Barbieri and Kalish, sitting as a panel of three.

*William L. Foley, Jr.,* with him, *Thomas F. Mc-Devitt, Thomas. F. McDevitt, P.C.,* for appellant.

*Maria Terpolilli*, with her, *Carlton L. Johnson*, Chief Assistant City Solicitor, and S. *Kurland*, City Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, September 1, 1988:

James F. Rossmaier, Petitioner, seeks review of the order of the common pleas court of Philadelphia which affirmed an order of the Civil Service Commission of the City of Philadelphia (Commission), denying Claimant's appeal under Philadelphia Civil Service Regulation 32.11 from a determination that he perform limited duty as of March 4, 1986.

Petitioner Incurred an injury on June 26, 1985 while serving as a fire fighter in the employ of the City of Philadelphia (City). The injury was to his back and he was provided full wage compensation during the ensuing disability under Civil Service Regulation 32. Claimant also filed a claim petition with the workmen's compensation authorities, seeking to establish liability there, but asking only for a suspension in light of the fact that full wages were still being paid during Petitioner's disability. The City, acknowledging service-connected disability, filed a Notice of Compensation Payable with the compensation authorities, whereupon the referee, on Petitioner's request, disposed of the pending Claim Petition with the following referee's order:

### ORDER

AND NOW, this 6th day of March, 1986, based on the filing of a Notice of Compensation Payable and request of Claimant's counsel, the Claim Petition is hereby marked 'Withdrawn'.

It is noted by the referee that no witnesses were called. The decision was dated, as in the order, March 6, 1986. On March 4, 1986, however, Petitioner had been or-

dered by the City's compensation clinic to return to limited duty. Petitioner refused and exercised his option to appeal to the Commission as provided in Civil Service Regulation 32.11. R.R. 17(a).[1] Following a hearing on August 10, 1986, Petitioner's appeal was denied by the Commission. At that hearing, Petitioner offered no evidence, but simply relied upon its contention that admission of liability in the workmen's compensation proceedings and continuing to make payments therein at the total disability rate acted as a collateral estoppel in the Civil Service case. The collateral estoppel contention was rejected by the Commission on the ground that the authorities offered in support thereof had to do with the issue of service connection, which was not an issue here. Rather the issue before it, the Commission, was whether under Civil Service Regulation 32.11 an order to return to limited duty could be enforced in that Claimant had failed to sustain his appeal, the Commission holding that Petitioner "therefore did not sustain his burden of proof." On appeal, without taking additional testimony, the common pleas court agreed[2] and affirmed the Commission. We must affirm.

----

[1] Regulation 32.11 reads in pertinent part:
A Regulation 32 employee who is instructed by the Municipal Employees' Compensation Clinic to return to work, either on a full-active or limited duty basis, and does not do so, is being insubordinate, even if he feels he is physically unable to return to work. In such a situation, however, he may appeal to the Civil Service Commission. R.R. 17a.

[2] The Court stated:
    The court finds that the Appellant has failed to sustain his burden. In the instant appeal, the issue was whether the Appellant should perform limited duty, not whether Appellant's injury was service-related. There was no final determination on the merits by the worker's compensation referee because the petition was withdrawn.

This Court has held, in *Smith v. Civil Service Commission, City of Philadelphia,* 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980) and in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974), that the principles enunciated in workmen's compensation cases interpreting The Pennsylvania Workmen's Compensation Act (Act), would be applied in interpreting Regulation 32 provisions, because of the similarity in intent and form of that Regulation to provisions in the Act. Furthermore, it is true, as Petitioner asserts, that the issue of service connection of an injury determined by the Commission may have the effect of collateral estoppel in a workmen's compensation case, under which circumstances, the employee may not relitigate the same issue before a compensation referee. *Harrington v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974); *see also, Pasquarello v. Civil Service Commission of the City of Philadelphia,* 52 Pa. Commonwealth Ct. 494, 416 A.2d 106 (1980). Our Supreme Court has held that the test for determining whether or not collateral estoppel applies is as follows:

> [A] plea of collateral estoppel [is] valid if (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, and (3) the party against whom the plea is asserted was a party . . . to the prior adjudication, . . . the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*In Re Estate of Ellis, III,* 460 Pa. 281, 287, 333 A.2d 728, 731 (1975).

It is clear, therefore, that collateral estoppel cannot be applied as contended for by Claimant, since there is no final adjudication by the referee, but on the contrary

there is an order precluding any adjudication, and we cannot accept the view that a Notice of Compensation Payable is such an adjudication that it can be asserted to collaterally nullify the Civil Service proceeding before the Commission. Nor can we agree with Claimant's contention that continued payment of compensation as for total disability under The Pennsylvania Workmen's Compensation Act can rise to the significance of precluding action taken under the City's Civil Service Regulations under which Petitioner is claiming as a beneficiary. Aside from the lack of an adjudication in the workmen's compensation proceeding, it must be noted that there was no "full and fair opportunity to litigate the issue in question" in the workmen's compensation proceeding, the failure of which may well be attributed to the Claimant's request for dismissal of his Claim Petition in which, incidentally, Claimant had merely requested a suspension, because full wages were being paid to Petitioner under the Civil Service Regulation.

We hold, therefore, that the adjudication of the Commission, denying the continuation of full wages for failure of compliance with a directive issued under the Regulation which provides for such full pay, must be affirmed. We do not here consider, nor do we wish this opinion to be interpreted as having any force or effect with regard to any question concerning workmen's compensation benefits. We note, however, that in workmen's compensation proceedings total disability payments must be continued, absent certain procedures and proofs as to Claimant's condition of disability and as to what limited work opportunities are available to such an injured employee. *See Kachinsky v. Workmen's Compensation Appeal Board*, 516 Pa. 240, 532 A.2d 374 (1987). We note also that in the Commission's decision herein, Claimant's appeal under Regulation 32.11 was denied on the basis that Claimant failed to meet his

burden of proof; whereas in a workmen's compensation case the burden to change the employer's liability from total to something less is on the employer, given a valid notice of compensation payable which is unchallenged here.

Accordingly, for the reasons stated, we will affirm.

ORDER

NOW, September 1, 1988, the order of the Common Pleas Court of Philadelphia County, dated August 3, 1987, is affirmed.

Judge MACPHAIL dissents.