630 A.2d 555

Themis S. ROUSSOS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (ST. VINCENT HEALTH CENTER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 1993.

Decided Aug. 13, 1993.

Barry T. Drew, for petitioner.

Stanley G. Berlin, for respondent.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Themis Roussos (Claimant) petitions for review of an order of the Workmen's Compensation Board of Review (Board), which affirmed a decision of the Referee holding that Claimant's petition for reinstatement of compensation was not timely filed within 500 weeks (i.e. 9.6 years) of the effective date of a prior suspension order. We affirm.

On April 15, 1976, Claimant injured his back while working at St. Vincent Health Center (Employer). He received benefits for various periods thereafter, pursuant to a Notice of Compensation payable. In 1980, Employer filed a petition to suspend compensation. Following hearings thereon, Referee Pastewka entered a finding that:

8. Taking into consideration all the testimony in the record, your Referee finds as fact that as of August 28, 1980, there was work available which the Claimant was capable of performing, even though he is still suffering from a residual disability as a result of his said injury, and that said employment would pay him wages equal to or in excess of those he was earning at the time of his injury.

Finding of Fact No. 8. The Referee then entered an order *dated December 29, 1982*, affirmed by the Board, that Claimant's compensation "is hereby suspended *effective August 28, 1980*, until such time as Claimant's disability changes in nature or degree all within the meaning of the Pennsylvania Workers' Compensation Act." (Supplemental R.R. 4b) (Emphasis supplied).

On November 21, 1990, Claimant filed a Petition for Reinstatement of Compensation which averred that:

I have had further medical examinations which have resulted in my physician informing me that I am currently totally temporarily disabled and am unable to return to any sort of employment, including the general dining room cleaning job the Referee found was available to me as of August, 28, 1980. My low back and leg pain has continued to become more and more severe and my ability to stand and walk continues to lessen.

(R.R. 1a.) Employer's answer raised the statute of limitations as a defense. Following hearings before Referee Seacrist, the Referee concluded that Claimant's November 21, 1990 petition was time-barred by the 500–week limitation period which he found to be applicable to cases where disability benefits have been suspended. The Referee dismissed the reinstatement petition. Claimant appealed to the Board, which affirmed. This appeal followed.[1]

The narrow issue before us is whether, in determining if Claimant's reinstatement petition was timely filed, we calculate the 500–week time clock as beginning to run on August 28, 1980, the *effective* date of Referee Pastewka's order in the earlier suspension proceedings, or, alternatively, on December 29, 1982, the date the order was *signed* by the Referee. If the beginning date was August 28, 1980, the reinstatement petition is barred; if it was December 29, 1982, it is not. We hold that the clock started running on August 28, 1980, and that the reinstatement petition is time-barred.

Two separate sections of The Pennsylvania Workmen's Compensation Act (Act)[2] are involved. Section 413 of the Act provides in part that:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased ... Such modification, reinstatement, suspension, or termination shall be made *as of the date upon which it is shown that the disability of the injured employe has* increased, *decreased*, recurred, or has temporarily or finally ceased ...: and provided further That where compensation has been sus-

---

1. Our scope of review is limited to determining whether any constitutional rights have been violated, necessary findings of fact are supported by substantial evidence or an error of law has been committed. *Fells v. Workmen's Compensation Appeal Board (Caterpillar Tractor)*, 122 Pa.Commonwealth Ct. 399, 552 A.2d 334 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

pended because the employe's earnings are equal to or in excess of his wages prior to the injury that *payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,* unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772 (Emphasis supplied).

Section 306(b) of the Act provides that partial disability compensation shall be paid for "not more than five hundred weeks." 77 P.S. § 512. As noted above, Referee Pastewka, in his earlier suspension order, found that on August 28, 1980, there was work available which Claimant was capable of performing which would pay him wages equal to or in excess of those he was earning at the time of his injury.

We have previously held that where compensation payments have been suspended because of no current loss of earnings under Section 413, payments may be resumed if the petition for reinstatement is filed within 500 weeks, i.e. approximately 9.6 years, but we have not determined the exact starting date for the calculation. *See, e.g. Pennsylvania Power Co. v. Workmen's Compensation Appeal Board (Conner),* 129 Pa.Commonwealth Ct. 224, 229, 565 A.2d 206, 209 (1989), *petition for allowance of appeal denied,* 526 Pa. 655, 586 A.2d 923 (1990); *USX Corporation v. Workmen's Compensation Appeal Board (Guthrie),* 132 Pa.Commonwealth Ct. 54, 571 A.2d 1112 (1990) (reinstatements following suspensions). *See also United States Steel Corporation v. Workmen's Compensation Appeal Board (Airgood),* 62 Pa.Commonwealth Ct. 502, 506, 437 A.2d 92, 94 (1981), a case in which the claimant suffered an initial traumatic injury to his leg requiring medical treatment, but causing no loss of earnings. In *Airgood,* we stated:

If an employee does not incur an immediate wage loss for an observable physical disability, the protections granted by the Act can only be achieved by issuing a suspension order,

which allows the employee up to 500 weeks in which to monitor the course of his disability.

*Id.* at 506, 437 A.2d at 94.

The 500–week time period for filing petitions to reinstate after suspensions is in contrast with the three-year period established for reinstatements under Section 413 following *termination* of benefits. *See Kopp v. Workmen's Compensation Appeal Board (Doylestown Processing Co.),* 78 Pa.Commonwealth Ct. 292, 467 A.2d 425 (1983); *Guthrie.*

In the present case, both Claimant and Employer agree that the applicable statute of limitations period for reinstatements following suspensions is 500 weeks and not the three-year period applicable to reinstatements following *termination* orders.

Claimant argues in this appeal that the Board erred in holding that the start date for the 500–week time calculation was the August 28, 1980 effective date of the suspension of compensation, rather than the December 29, 1982 date of the Referee's order. He contends that the Board should not have relied upon *Pennsylvania Power* because that case involved only an agreement to suspend payments and not an order or award to the same effect sought by Employer. He argues that, where there is an agreement to suspend, a claimant knows almost immediately what the date of suspension is, but that in this case, where Employer's suspension request was contested, he did not know the effective date until after a delay of about 122 weeks. We agree with Claimant that, because the starting date for the time period was not specifically decided in *Pennsylvania Power,* that case is not controlling here. In *Pennsylvania Power,* since the claimant would have prevailed under either start date, it was not necessary for this Court to decide which one applied and it did not do so.

Nevertheless, we agree with Employer that under the plain language of Section 413 of the Act, the 500–week time period in which "the agreement or award may be resumed" must be calculated to start as of the date which the fact finder determines from the evidence that the Claimant's benefits should

be suspended because his earnings "are equal to or in excess of his wages prior to the injury." That date was August 28, 1980.

Section 413 refers to the suspension of payments under the agreement *or* award and provides that a suspension shall be made "as of the date upon which it is shown that the disability of the injured employe has … decreased … or has temporarily or finally ceased."

Accordingly, we are compelled to hold that Claimant's reinstatement petition was not timely filed within the 500–week period commencing August 28, 1980 and that the Board's order dismissing Claimant's appeal should be affirmed.

### ORDER

**AND NOW,** this 13th day of August, 1993 the order of the Workmen's Compensation Appeal Board dated November 20, 1992, at No. A91–1512 is hereby affirmed.