**Paul E. DEPPENBROOK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (REPUBLIC STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1995.
Decided March 7, 1995.

Daniel K. Bricmont, for petitioner.

Donna M. Lowman, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Paul E. Deppenbrook petitions for review of the August 3, 1994 order of the Workers' Compensation Appeal Board (Board) affirming the decision of Workers' Compensation Judge Susan S. Cercone to dismiss his petition for reinstatement of workers' compensation benefits as time barred because it was not filed prior to the expiration of the 500 week period during which partial disability compensation was payable. Sections 306(b) and 413 of the Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

On June 30, 1978, a lift truck drove over Claimant's right foot during the course of his employment with Employer Republic Steel Corporation. "That incident was found to have aggravated claimant's pre-existing condition and caused him to undergo a surgical procedure on September 14, 1979." (Finding of Fact No. 3.)

On July 19, 1981, Referee Lawrence J. Laughlin awarded Claimant compensation in the amount of $213.00 per week for the period of September 13, 1979 through January 6, 1980. (Finding of Fact No. 3.) "Referee Laughlin found that claimant had pre-existing problems in both feet which were asymptomatic prior to June 30, 1978." (Finding of Fact No. 3.)

1. On December 17, 1990, claimant filed a petition for reinstatement of compensation alleging that as of October 23, 1990 he had lost the use of the fourth and fifth toes of his right foot for all practical intents and purposes as a result of his June 30, 1978 work injury at Republic Steel Corporation.

2. The employer filed a timely answer denying all claimant's allegations and raising the further defense of an untimely filing under Sections 413(a) and 306(b) of the Pennsylvania Workers' Compensation Act, as amended.

(Findings of Fact Nos. 1 and 2.)

Although the Workers' Compensation Judge found that Claimant's loss of use of his two toes was causally related to his June 30, 1978 work injury,[2] she concluded that he failed to file his reinstatement petition in a timely manner.

4. From the date that claimant's compensation was suspended, January 6, 1980, he had 500 weeks (9.6 years) to monitor his condition and within that time period, if appropriate, file for reinstatement of his compensation. His filing on December 17, 1990 was beyond the time period required by Section 413 of the Act.

(Finding of Fact No. 4.)

Citing *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center),* 157 Pa.Commonwealth Ct. 584, 630 A.2d 555 (1993), the Board affirmed the Workers' Compensation Judge's order dismissing Claimant's reinstatement petition as untimely filed. Claimant filed a timely appeal with this Court.

■ The issue before us for review is whether the Board erred in concluding that Claimant's reinstatement petition was time barred under Section 413 of the Act, 77 P.S. § 772. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethen-*

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 512 and 772.

2. 8. The medical opinion is in agreement that claimant has a loss of use of the fourth and fifth toes on his right foot as a result of his 1979 surgery. Referee Laughlin found in his July 9, 1981 decision that that surgery was necessitated by claimant's work injury of June 30, 1978 and that is not an issue to be relitigated. It is therefore found as fact that claimant has lost the use of his fourth and fifth toes as a result of his 1979 surgery, which as previously determined, was necessitated by his June 30, 1978 work injury.

. . . . .

(Finding of Fact No. 8.)

*ergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

In pertinent part, Section 413 provides as follows:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.... And provided further, *That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to injury.*

77 P.S. § 772 (emphasis added). Under Section 306(b) of the Act, 77 P.S. § 512, five hundred weeks is the period during which partial disability is payable.

■ Claimant makes several arguments. First, he argues that his reinstatement petition was timely filed because Section 413 of the Act does not contain its own statute of limitations language. This argument is patently absurd.

It is simply untrue that Section 413 contains no language related to time limitations. Although five hundred weeks is not mentioned specifically, Section 413 does provide that payments under the award may be resumed at any time "during the period for which compensation for partial disability is payable." Merely because one must then seek out Section 306(b) of the Act, 77 P.S. § 512, in order to ascertain the period during which compensation for partial disability is payable does not mean that the General Assembly failed to provide for a statute of limitations in which to file a reinstatement petition. If we follow Claimant's argument to its logical conclusion, then a claimant could file a reinstatement petition at any time.

As Employer notes in its brief, "[t]he purposes underlying time limitations in the Act are to stimulate the prompt pursuit of legal rights and avoidance of the inconvenience and prejudice resulting from deciding stale cases on stale evidence." *Bellefonte School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Commonwealth Ct. 304, 310, 627 A.2d 250, 253 (1993), *aff'd*, 538 Pa. 618, 645 A.2d 1321 (No. 282 M.D.1993, filed June 16, 1994). Clearly, this is the purpose of the five hundred weeks limitation.

In addition, we have previously held that a claimant whose compensation was suspended because his earnings were equal to or in excess of his wages prior to the injury and who filed his reinstatement petition within five hundred weeks under Section 306(b) of the Act filed it in a timely manner. *Pennsylvania Power Company v. Workmen's Compensation Appeal Board (Conner)*, 129 Pa.Commonwealth Ct. 224, 565 A.2d 206 (1989), *petition for allowance of appeal denied*, 526 Pa. 655, 586 A.2d 923 (1990).

■ Claimant secondly argues that the Board erred in determining that his reinstatement petition was untimely because he had five hundred weeks *and* three years in which to file it. This argument is also without merit.

We have unambiguously held that Section 413's three year limitation "is *totally inapplicable* where there has been a suspension, which is addressed in the last proviso of Section 413." *USX Corporation v. Workmen's Compensation Appeal Board (Guthrie)*, 132 Pa.Commonwealth Ct. 54, 58, 571 A.2d 1112, 1114 (1990) (emphasis added).

Further, in *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Commonwealth Ct. 584, 630 A.2d 555 (1993), we noted that "[t]he 500–week time period for filing petitions to reinstate after suspensions is in contrast with the three-year period established for reinstatements under Section 413 following *termination of benefits*." *Id.* at 588, 630 A.2d at 557 (emphasis in original). *See also Weidner v. Workmen's Compensation Appeal Board*, 497 Pa. 516, 522 n. 3, 442 A.2d 242, 245 n. 3 (1982) *and U.S. Steel Corporation v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 502, 506, 437 A.2d 92, 94 (1981).

Claimant further argues that the last proviso of Section 413 is inapplicable to him because as someone whose benefits were suspended, he should not be considered in the same category as one who is partially disabled. As Employer notes in its brief, our Supreme Court in *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994) noted as follows:

> It is interesting to note that the Act itself accords a certain similarity of character to suspension of compensation and compensation for partial disability in the final proviso of section 413. '... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to injury.' 77 P.S. § 772. *Thus an employee who returns to work at wages equal to or greater than his pre-injury wages, and thus has his compensation suspended, is in the same position after 500 weeks,* see 77 P.S. § 512, *as an employee who returned to work at reduced wages and thus received compensation for partial disability,* i.e., the employer's liability for benefits is terminated.

*Id.* at 503 n. 3, 640 A.2d at 392–93 n. 3 (emphasis added). Thus, we find Claimant's argument to be without merit.

Claimant thirdly argues that *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Commonwealth Ct. 584, 630 A.2d 555 (1993) was either wrongly decided or is somehow distinguishable from his case. We disagree.

In *Roussos,* we resolved the issue of whether, in determining if a claimant's reinstatement petition was timely filed, we calculate the five hundred week time clock as beginning to run on the effective date of a referee's order in an earlier suspension proceeding or, alternatively, on the date the referee signed the order. We determined as follows:

> [U]nder the plain language of Section 413 of the Act, the 500–week time period in which 'the agreement or award may be resumed' must be calculated to start as of the date which the fact finder determines from the evidence that the Claimant's benefits should be suspended because his earnings 'are equal to or in excess of his wages prior to the injury.'

*Id.* at 588–89, 630 A.2d at 557. Thus, we concluded that Roussos' reinstatement petition was time barred because the limitations period accrued on the effective date of the suspension, rather than the date of an order implementing suspension.

Claimant finds significance in the fact that the parties in *Roussos* stipulated that the applicable statute of limitations period for reinstatements following suspensions was five hundred weeks and not the three-year period applicable to reinstatements following termination orders. He contends that the applicable statute of limitations period was thus not at issue in *Roussos* and that the parties may have erred in stipulating to an erroneous time period.

It is true that no one in *Roussos* argued that the five hundred week time period was inapplicable to a claimant seeking to reinstate benefits following a suspension. Contrary to Claimant's circular reasoning, however, that does not mean that five hundred weeks is not the correct limitations period. It merely means that the parties correctly

interpreted Section 413 and were reasonable enough to make a stipulation to that effect. As we noted above, this Court made it clear in prior cases that we considered five hundred weeks to be the correct statute of limitations period for reinstatement petitions following suspensions. Also, as evidenced by the above-quoted language in *Dillon,* our Supreme Court obviously agreed with our interpretation.

For the above reasons, we affirm the Board's decision that Claimant's reinstatement petition was time barred under Section 413 of the Act, 77 P.S. § 772.

## ORDER

**AND NOW,** this 7th day of March, 1995, the order of the Workers' Compensation Appeal Board dated August 3, 1994 at No. A94–0216 is hereby affirmed.