**EDGEWATER STEEL COMPANY and Liberty Mutual Insurance Company, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BEERS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Sept. 15, 1998.

James R. Zeis, Pittsburgh, for petitioners.

Daniel K. Bricmont, Pittsburgh, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Edgewater Steel Company and Liberty Mutual Insurance Company (collectively, employer) petition for review of the order of the Workers' Compensation Appeal Board (Board) affirming reinstatement of Robert Beers's disability benefits after suspension pursuant to a supplemental compensation agreement. Although the petition for reinstatement was filed more than 500 weeks after the date of the suspension, the Board concluded that the employer had waived its right to assert the statute-of-limitations defense and that the employer was equitably estopped from attempting to limit its liability under the limitation period as set forth in Sections 306(b) and 413(a) of the Workers' Compensation Act (Act).[1]

In January 1982, Beers and the employer entered into a supplemental agreement, stipulating as follows:

> It is agreed that the said Robert F. Beers was able to return to work 3/11/79 earning as much as or in excess of his former weekly wage. The claimant suffers a residual disability not reflected in the loss of earning power and compensation payments are therefore suspended until disability reflects itself in the loss of earning power.

(Supplemental Agreement, dated 1–14–82, Bureau Exhibit 1.) Beginning on March 12, 1979, Beers returned to work for Edgewater Steel as a truck driver,[2] with the restriction that he not lift more than 50 lbs. In January 1993, Edgewater Steel laid Beers off after Beers's treating physician imposed a lifting restriction of 20 lbs.; the truck-driving job required him to lift more than 20 lbs. Beers then petitioned for reinstatement of total disability benefits because suitable work was no longer available. The employer raised the statute of limitations as a defense, asserting that Beers filed his petition beyond the 500–week limitation period.

After hearings, the workers' compensation judge (judge) granted reinstatement after concluding that Beers had met his burden of proving a continuing disability that once again resulted in a loss of earning power. Addressing the employer's defense, the judge characterized the supplemental agreement as a contract and interpreted it as the employer's promise that benefits would resume at any time in the indefinite future. In that context, the judge concluded that the employer was estopped from asserting the limitation period as a defense because it had caused Beers to believe that his benefits would be reinstated at such future time when his earnings were once again affected, and because Beers had relied on that promise.

The Board affirmed. The Board agreed with the judge's finding that Beers's petition was filed beyond the 500–week limitation period, but, citing the Supreme Court's opinion in *Smith v. Workmen's Compensation Appeal Board*, 543 Pa. 295, 670 A.2d 1146 (1996), the Board concluded that the limitations defense is waivable. The Board agreed with the judge that the employer had induced Beers to reasonably believe that a loss of earnings at some indefinite time in the future would result in his benefits being reinstated. The Board concluded that the employer was in a superior position to limit its liability according to the limitations period, and that having failed to do so, it had waived its right to limit its liability.

On appeal,[3] the employer raises the following issues: 1) whether the judge erred in concluding that Beers had vested contractual rights under the supplemental agreement such that the employer is barred from raising the limitations period as a defense; 2) whether the judge and the Board erred in failing to dismiss Beers's petition because it was filed beyond the limitations period; and 3) whether the Board erred in concluding that the employer is equitably estopped from raising the limitations period as a defense.

In the section of his opinion entitled "Discussion," the judge acknowledged our opinion

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 512 and 772.

2. Before his injury, Beers worked as a crane brakeman.

3. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the judge committed constitutional violations or errors of law. 2 Pa.C.S. § 704.

in *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993), wherein we held that where compensation payments have been suspended because of no current loss of earnings, payments may be resumed only if the reinstatement petition is filed within 500 weeks of the effective date of the suspension. Because the supplemental agreement suspending benefits in this case predated our decision in *Roussos*, the judge stated that retroactive application of *Roussos* would adversely affect Beers's vested, substantive contract rights under the supplemental agreement.

Upon reading the judge's opinion, we must agree with the Board that the judge ultimately concluded that *Roussos* was applicable and that Beers's petition was filed after the 500-week limitation period. Although the judge's discussion of the law did make reference to vested contractual rights under the supplemental agreement, he made no conclusions of law to that effect and his holding did not rely on such a conclusion. This issue had no bearing on the judge's final order, and we need not address this issue in disposing of this appeal.

■ Section 413(a) of the Act provides, in pertinent part, that modification of a supplemental agreement, in this case, a reinstatement,

> shall be made as of the date upon which it is shown that the disability of the injured employe has increased .... provided ... [t]hat where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during *the period for which compensation for partial disability is payable*....

77 P.S. § 772 (emphasis added). The "period for which compensation for partial disability is payable" is 500 weeks.[4] As noted by the Board, our decision in *Roussos* established

that the 500-week period during which payments may be resumed must be measured from the effective date of the suspension. Clearly, the reinstatement petition was filed beyond the 500-week period. The limitation period of Section 413(a) functions as a means to halt further legal action in a case where a remedy has previously been awarded; it extinguishes a remedy rather than a right. *Smith.* The limitations period of Section 413(a) may be asserted as a defense, which if not raised at the appropriate time, can be waived. *Id.* The employer in this case did not waive the limitations period defense; it raised the defense in its answer to Beers's petition.

■ Finally, we address the employer's argument that the doctrine of equitable estoppel does not apply to the facts of this case.[5] Equitable estoppel applies where a party negligently misrepresents material facts while knowing, or having reason to know, that another party will justifiably rely on the misrepresentation to its detriment, and the other party does so rely. *Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers)*, 670 A.2d 1194, 1199 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 544 Pa. 679, 678 A.2d 368 (1996).

■ After reviewing the record, we find no evidence that the employer misrepresented material facts. The supplemental agreement reflects the parties' stipulation that Beers was able to return to work 3/11/79 with no loss of earnings. The employer acknowledged that he continued to suffer a residual disability not reflected in the loss of earning power and that compensation under the Act could be resumed if and when the disability again resulted in the loss of earning power. Nothing in this agreement suggests that Beers's right to a reinstatement could continue into the indefinite future. Furthermore, Beers never testified that he believed he was entitled to reinstatement indefinitely or that he relied on the supplemental agree-

---

4. "[C]ompensation [for partial disability] shall be paid ... for not more than five hundred weeks." Section 306(b) of the Act, 77 P.S. § 512.

5. Whether the facts of a case give rise to the application of equitable estoppel is a question of

law that may be addressed by this Court on appeal. *Walker v. Workmen's Compensation Appeal Board (Sherbren Manufacturing)*, 656 A.2d 164 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 638, 665 A.2d 472 (1995).

ment to his detriment. Beers returned to a restricted position with the employer at no loss of earnings and continued in that capacity from March 1979 to January 1993. Beers received all of the benefits to which he was entitled under the Act; the record contains no evidence of a detriment.

Beers's reinstatement petition should have been dismissed as untimely. Accordingly, we reverse the order of the Board.

### ORDER

AND NOW, this 15th day of September, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.