Lillie FLANNIGAN, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (COLT INDUSTRIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1998.
Decided Feb. 16, 1999.
Reargument Denied April 9, 1999.

James R. Schmitt, Carnegie, for petitioner.

Joseph A. Fricker, Pittsburgh, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Lillie Flannigan (Claimant) petitions for review of an order issued by the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) to deny and dismiss Claimant's petition for the reinstatement of compensation that had been previously terminated. The principal issue before this Court is whether a petition for reinstatement of terminated benefits is timely when it is filed within three years of the last payment of benefits but not within three years of the effective date of the termination of benefits.

Claimant suffered a work-related injury to her back on April 26, 1978, and Colt Industries (Employer) issued a notice of compensation payable for her resulting disability. Employer filed a modification petition in 1990, which was subsequently amended to include an alternative request for termination. The WCJ granted Employer's termination petition.[1] The WCJ accepted the testimony of the medical experts presented by Employer, who found no objective evidence of continuing disability, but the WCJ gave no credence to the testimony of Claimant's medical expert, who testified that Claimant required decompression laminectomy surgery. The WCJ also noted that Claimant had a bulging disc in her spine, but there was no evidence of herniation. The Board affirmed the WCJ's decision but modified it to provide an effective date of June 23, 1987. It is undisputed that Employer last paid Claimant compensation on June 14, 1992.

On May 27, 1993, Claimant filed the instant petition to reinstate her benefits. Claimant averred that her disability had recurred as of January 26, 1993, on which date Claimant received herniated intervertebral disc surgery at the Pontiac General Hospital.

The WCJ delayed action on the reinstatement petition until after this Court affirmed the prior decision and the Supreme Court denied allocatur. On May 13, 1996, the WCJ denied and dismissed Claimant's reinstatement petition as untimely because it was not filed within three years of June 23, 1987 and as an improper attempt to relitigate the adverse decision in the termination petition. The Board affirmed both reasons for denying and dismissing the reinstatement petition. The record reflects that neither the WCJ nor the Board received any evidence in the reinstatement proceedings. This appeal followed.[2]

Section 413(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, allows workers' compensation judges to modify, reinstate, suspend or terminate benefits at any time. The section, however, provides that "except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years *after the date of the most recent payment of compensation prior to the filing of such petition.*" 77 P.S. § 772 (emphasis added). Thus Section 413(a) contains a three-year statute of limitations for filing petitions to review, modify or reinstate compensation. *See Smith v. Workmen's Compensation Appeal Board,* 543 Pa. 295, 670 A.2d 1146 (1996). Section 413(a) also imposes a statute of repose whereby a petition for reinstatement of suspended benefits must be filed within 500 weeks of the suspension of compensation. *Lopresti v. Workers' Compensation Appeal Board (Taylor Wharton Co.),* 692 A.2d 629 (Pa.Cmwlth.), *appeal denied,* 549 Pa. 720, 701 A.2d 580 (1997). This

---

1. The same workers' compensation judge involved in the instant matter granted the termination petition. At that time, of course, workers' compensation judges were known as referees.

2. This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence on the record as a whole, whether an error of law was committed or whether constitutional rights were violated. *See, e.g., Schriver v. Workers' Compensation Appeal Board (Department of Transportation),* 699 A.2d 1341 (Pa.Cmwlth.

1997). Credibility determinations are for the WCJ as sole factfinder and may not be disturbed by this Court where supported in the record by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.),* 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982).

Court has held that the 500–week period is calculated from the effective date of the suspension rather than the date of the order suspending compensation. *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993).

Employer argues that the WCJ correctly applied the rule of law announced in *Roussos* to the three-year statute of limitations for various reasons, most notably that both terminations and suspensions are effective as of the date the claimant's disability changed. Employer urges this Court to read the language "the date of the most recent payment of compensation" to mean the last date on which Claimant "was entitled" to receive payment of compensation as determined by the WCJ—in this case June 23, 1987. According to Employer, this interpretation is consistent with the Court's decision in *Lopresti* where it was held that the 500–week statute of repose began to run as of the date of the claimant's retroactive suspension of compensation ordered by the WCJ, regardless of whether the claimant received compensation after that date.

The *Roussos* decision expressly distinguishes the three-year statute of limitations from the 500–week statute of repose and only applies to the latter. This Court has thoroughly rejected attempts by litigants to move the starting date for the statute of limitations from the date of last payment to a date set by the status of the claimant's entitlement to compensation. In *Bailey v. Workers' Compensation Appeal Board (ABEX Corp.)*, 717 A.2d 17 (Pa.Cmwlth.1998) (en banc), the Court rejected the argument that a claimant may file for reinstatement more than three years after receiving a commutation payment because the commutation compensates the claimant for future disability. *See also Mason v. Workmen's Compensation Appeal Board (Acme Markets)*, 156 Pa.Cmwlth. 10, 625 A.2d 1271 (1992).

■■■ The difference in calculating the two time periods becomes understandable once when one considers the fundamental difference between the two types of limitation periods. A statute of limitations extinguishes the availability of a remedy whereas a statute of repose extinguishes the underlying right. *Smith;* Black's Law Dictionary 927 (6th ed.1990). Thus the calculation of the 500–week statute of repose hinges closely upon the status of the claimant's right to compensation, while the calculation of the three-year statute of limitations hinges upon the claimant's need for a remedy.

■■■ Moreover, where a statute is unambiguous and does not produce a manifestly absurd result, the letter of the statute may not be disregarded under pretext of pursuing its spirit. *See* Sections 1901, 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901, 1921(b). The language used in the three-year statute of limitations provides a clear and unambiguous rule regarding when petitions for reinstatement of terminated benefits must be filed. It plainly states that the period for the three-year statute of limitations begins to run after the date of the most recent payment of compensation prior to the filing of such petition. As the instant reinstatement petition was filed within three years of June 14, 1992, the date when Employer last paid Claimant compensation, the WCJ erred in dismissing the petition as untimely.

■■■ Alternatively, Employer argues that the WCJ correctly dismissed Claimant's reinstatement petition as impermissible relitigation of a termination proceeding outcome that was unfavorable to Claimant and that the reinstatement petition is therefore barred by issue preclusion or by the doctrine of res judicata. It is well settled that a workers' compensation litigant may not relitigate in a later proceeding an issue of fact or law that was actually litigated and necessary to the original judgment. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993). Before the doctrine of res judicata will preclude a claim, four conditions must be satisfied: "(1) identity of the subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the parties suing or being sued." *Hahnemann University Hospital v. Workers' Compensation Appeal Board (Wallace)*, 718 A.2d 391, 394 (Pa.Cmwlth.1998).

■■■ Where a claimant asserts that his or her disability has increased or recurred

since a prior termination, the claimant is entitled to seek reinstatement as provided in Section 413(a). *See Hebden; Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). Should the claimant during the reinstatement proceedings present only medical evidence substantially the same as that previously rejected, then the doctrine of res judicata may bar reinstatement. *See Hahnemann* (discussing *Faust v. Workmen's Compensation Appeal Board (Sears Roebuck and Co.)*, 661 A.2d 487 (Pa. Cmwlth.1995), and *Kanyan v. Workmen's Compensation Appeal Board (Helvetia Coal Co.)*, 125 Pa.Cmwlth. 173, 557 A.2d 792 (1989)).

In this case, however, Claimant was denied any opportunity to present evidence in the reinstatement proceedings. Claimant stated in her petition that she suffered a recurrence of her disability since the termination. The petition further suggests that the recurrence is based on a change in her condition because Claimant was treated for a herniated disc in 1993, whereas she had no herniated disc when her compensation was terminated. Moreover, Pontiac General performed a surgical procedure on Claimant different from the one found unnecessary in the termination proceedings. Because Claimant's petition for reinstatement was timely filed, she is entitled to an opportunity to prove that her condition has changed and that she has suffered a recurrence of her work-related disability. Accordingly, the Board's order is vacated, and the case is remanded to the Board with instructions to remand to the WCJ for evidentiary hearings on the merits of Claimant's reinstatement petition.

## ORDER

AND NOW this 16th day of February, 1999, the order of the Workers' Compensation Appeal Board is hereby vacated, and this case is remanded for evidentiary hearings on the petition for reinstatement discussed in the foregoing opinion.

Jurisdiction relinquished.