William J. ROSS, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (INTERNATION-
AL PAPER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 20, 2004.

Decided Oct. 5, 2004.

Charles R. Rosamilia, Jr., Lock Haven, for petitioner.

J. Casey Watson, Williamsport, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and MIRARCHI, Senior Judge.

OPINION BY Judge SIMPSON.

William J. Ross (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the determination of the Workers' Compensation Judge (WCJ) that Claimant is not entitled to reinstatement of his benefits. The Board concluded Claimant's reinstatement petition under the Workers' Compensation Act (Act)[1] was properly denied because Claimant's benefits were suspended for more than 500 weeks before his petition was filed, and the defense of the limitation period was not waived. We affirm.

Claimant was injured in the course of his employment with International Paper

1. Act of June 2, 1915, P.L. 735, *as amended,*  77 P.S. §§ 1–1041.4, 2051–2626.

Company (Employer) in 1988. WCJ Findings of Fact (F.F.) Nos. 1, 3. A Notice of Compensation Payable was issued in 1989. F.F. No. 4. Claimant experienced various levels of disability through August 1991, when he returned to work with restrictions. F.F. Nos. 5—7. Claimant and Employer executed a Supplemental Agreement stipulating Claimant's benefits were suspended as of August 12, 1991.[2] F.F. No. 7; Certified Record (C.R.), Defendant's Exhibit No. 1. Claimant worked continuously until he was laid off due to a plant closure in January 2002. F.F. No. 8.

Claimant filed his petition in August 2002, asking that his benefits be reinstated as of January 3, 2002, the date he was laid off. Employer filed an Answer on September 6, 2002, stating only, "Denied. Strict proof of same is demanded." Employer first asserted a limitation period defense at the pre-trial conference held October 10, 2002. F.F. No. 11; C.R., Notes of Testimony (N.T.) October 8, 2002 at 5. Employer also asserted its limitation period defense at the only hearing held before the WCJ on this matter. C.R., N.T. November 19, 2002 at 4.

Over Claimant's objections, the WCJ concluded Employer did not waive its limitation period defense because Employer raised it at the pre-trial conference and the hearing. C.L. No. 8. The WCJ denied Claimant's Petition.

Claimant appealed to the Board, solely on the issue of whether Employer waived its limitation period defense. The Board affirmed, agreeing Employer did not waive the issue since the defense was raised early enough for consideration by the WCJ.

■ Claimant now appeals to this Court.[3] Claimant argues Employer waived its statute of limitations defense and the WCJ erred in not permitting him to introduce evidence that his disability increased from partial to total. Claimant does not contend that Employer's five week delay in asserting the defense prejudiced him.

The Act limits a claimant's ability to file for reinstatement in two sections, 413(a) and 306(b). Section 413(a) provides that benefits, "may be resumed at any time during the period for which compensation for partial disability is payable ...." 77 P.S. § 772. The "period for which compensation for partial disability is payable" is defined in Section 306(b) as "for not more than five hundred weeks." 77 P.S. § 512(1). Both parties agree Claimant's Petition was filed outside that 500–week period, which rendered it untimely. *Roussos v. Workmen's Comp. Appeal Bd. (St. Vincent Health Ctr.),* 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993).

2. The WCJ's Finding of Fact No. 7 states benefits were suspended as of August 13, 2001. This is an apparent error, as the correct date on the Supplemental Agreement is August 12, 1991. Further, the Board noted in its opinion that Claimant's benefits were suspended August 12, 1991. Bd. Op. at 1. Regardless, the exact date is immaterial as Claimant does not dispute that the period of suspension exceeds 500 weeks. *See generally* Claimant's Brief; WCJ Conclusions of Law (C.L.) No. 5; Bd. Op. at 2 ("Claimant only argues on Appeal that the WCJ erred in determining that Claimant's petition was barred by Section 413(a) of the Act, when Defendant

waived this affirmative defense by failing to plead it in its answer.").

3. This Court's review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether the Board's procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bey v. Workers' Comp. Appeal Bd. (Ford Elecs.),* 801 A.2d 661 (Pa. Cmwlth.2002).

It is also undisputed Employer failed to raise a limitation period defense in its Answer to the Petition. The limitation defense is one that, if not raised at the proper time, can be waived. *Smith v. Workmen's Comp. Appeal Bd. (Concept Planners & Designers)*, 543 Pa. 295, 670 A.2d 1146 (1996). *See also Edgewater Steel Co. v. Workers' Comp. Appeal Bd. (Beers)*, 719 A.2d 812 (Pa.Cmwlth.1998).

As sole support for his waiver argument, Claimant relies on this Court's decision in *Edgewater Steel.* There, this Court concluded the employer "did not waive the limitations period defense; it raised the defense in its answer to [the claimant's] petition." *Id.* at 814. Claimant extrapolates this holding to mean that Employer was required to raise the statute of limitations defense in its Answer or the defense would be waived. We conclude *Edgewater Steel* is not controlling.

Although there is no case directly on point, a careful reading of similar cases reveals no error on the waiver issue. In *Smith,* the employer raised the limitation defense for the first time on appeal to our Supreme Court. The Court concluded the issue was waived, noting the purpose of the waiver rule is to:

> [E]nsure that the tribunal with initial jurisdiction is presented with all cognizable issues so that the 'integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury.' ... Such purpose is not served where a party to proceedings that have spanned years can raise an issue late in the appellate process, long after it could have been raised and after much time and resources of the parties and the court have been expended, and where no record, especially the considered reasoning of the lower tribunal, has been developed.

*Id.* at 301, 670 A.2d at 1149 (citations omitted).

Here, the WCJ, was presented with the limitation period issue and was able to develop the record and his "considered reasoning" on that issue. Accordingly, *Smith,* while instructive on our Supreme Court's view of waiver, does not compel a different result.

In *Williams v. Workmen's Comp. Appeal Bd. (City of Phila.),* 119 Pa.Cmwlth. 127, 546 A.2d 747 (1988), the employer failed to raise the affirmative defense of collateral estoppel until one and one-half years after the claimant completed presentation of his case. We noted, "We conclude that the affirmative defense of collateral estoppel *which at the very latest should have been raised at the pre-trial conference ... but no. later than the first hearing ... must be deemed to have been waived." Id.* at 750 (emphasis added).

Thus, in *Williams,* we left open the possibility that an affirmative defense, not raised in the answer but raised very early in the proceedings, would not be waived. As contemplated by *Williams,* Employer raised the limitation period issue at the pre-trial conference.

Similarly, in *Dobransky v. Workers' Comp. Appeal Bd. (Cont'l Baking Co.),* 701 A.2d 597 (Pa.Cmwlth.1997), where the claimant raised a defense for the first time before the Board, we opined, "Because [c]laimant here raised the issue of geographic unavailability for the first time before the Board, and neither raised that issue in his answer to [e]mployer's petition to suspend *nor in the record before the WCJ,* that issue was waived." *Id.* at 600 (emphasis added). Here, unlike in *Dobransky,* Employer raised the limitation period issue "in the record before the WCJ" by raising it at the pre-trial conference and again at the hearing.

Finally, in *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987), the employer raised a *res judicata* affirmative defense for the first time on appeal to the Board. Our Supreme Court held the employer waived that issue, noting,

> Appeals are taken on the basis of the record produced before the referee, and that record is necessarily limited to the claim petition, the answers, and the evidence. Legal issues and facts not presented to the referee cannot be asserted on appeal without sacrificing the integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury and occupational disease. The administrative law tribunal, here, the referee, was not given the opportunity to address the res judicata defense.

*Id.* at 532, 522 A.2d at 29. Here, the limitation period defense was presented to the WCJ, who was given the opportunity to address it.

■ Although not controlling, we find instructive cases addressing amendment of answers to raise an affirmative defense under the Pennsylvania Rules of Civil Procedure. Possible prejudice to the opposing party is an important factor to be considered in allowing an amendment. The possible prejudice must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent might lose his or her case on the merits if the amendment is allowed. *City of Philadelphia v. Spencer*, 139 Pa.Cmwlth. 574, 591 A.2d 5 (1991).

Here, Claimant does not assert prejudice arose from the delay between the September, 2002 answer and the October, 2002 pretrial conference. This lack of delay-specific prejudice confirms our analysis.

We conclude Employer did not waive its limitation defense raised at the pre-trial conference and again at the hearing. The WCJ was provided the opportunity to develop the record and issue a decision outlining his reasoning. The Board did not err in affirming the WCJ's denial of the Petition.

Accordingly, we affirm.[4]

### ORDER

AND NOW, this 5th day of October, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned case is affirmed.

---

4. Because we conclude the Petition was properly denied on the limitation defense, we need not address Claimant's second argument, that he was prevented from presenting evidence to the WCJ. Moreover, we note Claimant did not raise this argument before either the WCJ or the Board; accordingly, even if we were required to address it, it was waived. *See Dobransky* (issue not raised before the WCJ is waived); *Mearion v. Workers' Comp. Appeal Bd. (Franklin Smelting & Ref. Co.)*, 703 A.2d 1080 (Pa.Cmwlth.1997) (issue not raised before the Board is waived).