646 A.2d 31

**John S. BEHORY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BETHENERGY MINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided July 14, 1994.

Robert J. Bilonick, for petitioner.

John J. Bagnato, for respondent.

Before COLINS and PELLEGRINI, JJ., and NARICK, Senior Judge.

COLINS, Judge.

John S. Behory (Behory) petitions for review of the September 30, 1991 order of the Workmen's Compensation Appeal Board (Board) affirming the order of the referee and dismissing Behory's appeal.

The referee made the following pertinent findings of fact:
1. John S. Behory, the Claimant, suffered a compensable occupational acquired lung disease; namely coal workers' pneumoconiosis during the course of his employment with the Defendant, BethEnergy Mines, Inc. Pursuant to an Order of Referee Charles A. Getty, dated November 21, 1986, the Claimant was found partially disabled as a result of coal workers' pneumoconiosis....
2. On January 3, 1989, the Defendant filed a Modification Petition ... alleging that based on recent medical evidence the Claimant was no longer disabled from an occupationally acquired pulmonary disease....

....

7. Gregory J. Fino, M.D, [sic] board certified in internal medicine with a subspeciality [sic] in pulmonary medicine ... examined the Claimant on December 14, 1988....
8. In his professional opinion Dr. Fino based his examination and review of records that the Claimant exhibits no evidence of disability as a result of coal workers' pneumoconiosis based on his present condition. Further he states that the Claimant is capable of performing his former occupation in the coal mines from a respiratory standpoint.
9. From the standpoint of comparison of the objective data from Dr. Fino's current examination with the objective data of Dr. Klemen's examination in February of 1986, there has been a significant change and improvement in the Claimant's pulmonary condition.

10.  The Defendant offered the report of Vijay K. Malhotra, M.D., relative to examinations of one John Connor, dated July 18, 1989 and May 17, 1988, to impeach the opinion offered by Dr. Malhotra in this instant matter regarding existence of coal worker's pneumoconiosis and a finding of disability and a later examination determination of no disability based on normal data.

11.  [Dr. Malhotra], board certified in internal medicine, testified before the Referee on December 13, 1989 on behalf of the Claimant.  Dr. Malhotra examined the Claimant on March 1, 1989.  In his professional opinion the Claimant remains partially disabled and unable to perform his previous occupation in the coal mines.  He testified that his pulmonary function studies were completely within normal limits.

. . . .

13.  The determination in this instance is the physical condition of the Claimant at the time of the filing of the Modification Petition and not the legal determination made at a prior proceeding.  The Defendant does not have to establish that the Claimant's condition considering the previous Award has improved.

14.  Based on a careful review of the evidence, I deem the opinions of Dr. Fino more credible than those of Dr. Malhotra in determining the current physical condition of the Claimant.  I have accepted those portions of Dr. Malhotra's opinions where they are corroborative of Dr. Fino; namely, the normal pulmonary function values.

The referee concluded that BethEnergy sustained its burden of proving that Behory is no longer disabled from an occupational disease and granted the petition for modification of benefits, thereby denying future compensation.  The Board affirmed the referee, concluding that the findings of fact are supported by substantial evidence and rejecting Behory's argument that the issue of his having disabling pneumoconiosis is res judicata.  The Board, with regard to the res judicata issue, relied on *Bethlehem Mines Corporation v. Workmen's Compensation Appeal Board (Prazinko)*, 94 Pa.Common-

wealth Ct. 477, 504 A.2d 387 (1986) and *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991) (*Hebden I* ).

Behory presents one issue for this Court's review. He queries whether the decision of the Supreme Court of Pennsylvania in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993) (*Hebden II* ), controls this matter. "Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with the law, and whether the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704." *Hebden I*, 142 Pa.Commonwealth Ct. at 183 n. 1, 597 A.2d at 185 n. 1.

Behory argues that *Hebden II* controls this matter, requiring that this Court reverse the Board and reinstate benefits. According to Behory,

> [a]s the Supreme Court noted in *Hebden*, . . . the logical question is whether an employee's disability is changeable. If it is not, 'an attempt to re-examine the employee's condition is merely a disguised attempt to relitigate what has already been settled.' Since the Employer is unable to establish reversibility of the disease, 'sound principles of res judicata, collateral estoppel and issue preclusion bar such an attempt.'

We agree. In *Hebden II*, Thomas Hebden was awarded benefits for coal workers' pneumoconiosis. Several years later, Hebden's employer, BethEnergy, filed a petition for modification alleging that Hebden was no longer disabled from pneumoconiosis. Both of BethEnergy's medical experts testified that Hebden was not disabled from pneumoconiosis but that he suffered from bronchial asthma that was not work related. The referee terminated Hebden's benefits and specifically found that res judicata did not apply, because the petition for modification addressed the status of Hebden's disability on a date different from that addressed by the initial claim petition. Both the Board and this Court affirmed (*Hebden I* ). The Supreme Court reversed, opining first that

it was "alarmed by the decision's revisitation and reopening of a disability issue that had long been settled. If such issues can be retried at will, the statutory system of workmen's compensation would be seriously undermined." *Hebden II,* 534 Pa. at 330, 632 A.2d at 1304. The Supreme Court then indicated that in a proceeding such as this, the first question must be whether a claimant's medical condition is reversible. Noting that the record contained no evidence that BethEnergy had established that pneumoconiosis can be reversed and noting, additionally, that the United States Supreme Court has held, in *Usery v. Turner Elkhorn Mining Company,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), that pneumoconiosis is not reversible, the Supreme Court stated that BethEnergy was precluded from trying to prove that Hebden's pneumoconiosis had reversed. "To allow the employer to do so would simply be allowing it to revisit the initial finding of [Hebden's] disability and, in a disguised way, to relitigate that issue. Sound principles of res judicata, collateral estoppel and issue preclusion bar such an attempt. Proof of a miracle cure must be left to theologians." *Hebden II,* 534 Pa. at 332, 632 A.2d at 1305. We have reviewed the record in the matter *sub judice,* and we find no evidence that BethEnergy proved that pneumoconiosis is reversible. Pursuant to *Hebden II,* therefore, BethEnergy is precluded from trying to prove that Behory's pneumoconiosis reversed itself.[1]

Accordingly, the September 30, 1991 order of the Board is reversed.

### ORDER

AND NOW, this 14th day of July, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

**1.** BethEnergy argues that *Hebden II* has no precedential value, because there is no majority opinion of the Supreme Court. We commend BethEnergy to read closely the Supreme Court's opinion. We note that Justice Cappy joined Justice Papadakos' opinion and filed a concurring opinion in which Justices Flaherty and Montemuro and Chief Justice Nix joined. That concurring opinion indicates that those who join the concurring opinion also join the *majority* opinion, i.e., the opinion of Justice Papadakos.