**124**

Alick KOVACH, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WHEELING PITTSBURGH STEEL CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 1994.

Decided Jan. 11, 1995.

James J. Bedortha, for petitioner.

Stuart W. Benson, III, for respondent.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Margaret Kovach (Claimant), widow of Alick Kovach (Decedent), appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying her fatal claim benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

Decedent worked for Wheeling Pittsburgh Steel Corporation (Employer) from 1954 until May 30, 1983. During the last twelve years of his employment, Decedent was a layout man that required him to tear out asbestos-containing material from Employer's furnaces. On December 10, 1989, Decedent filed a claim petition, alleging that he became disabled on March 26, 1988 from continuous exposure to, among other things, deleterious dusts, fumes, and gases.

Before an adjudication of his claim petition, Decedent died on March 17, 1991. Claimant thus filed a fatal claim petition on July 31, 1991. On October 10, 1991, the referee determined that Decedent suffered from asbestosis because of his exposure to asbestos materials at work. Therefore, the referee awarded lifetime benefits. The referee did *not* address the fatal claim petition that was assigned to another referee.[2]

With respect to the fatal claim petition, Claimant submitted a medical report of David Laman, M.D. In that report, Dr. Laman opined that Decedent "died of respirato-

---

**1.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

**2.** Consequently, the referee adjudicating the claim petition did *not* address Decedent's cause of death.

ry failure due to his end-stage chronic obstructive lung disease and pneumonia." Medical Report of David Laman, M.D., July 11, 1991 at 1. Dr. Laman further stated that Decedent's "asbestosis played a substantial contributing role in his pulmonary insufficiency and as a result in his death." *Id.*

In opposition, Employer offered the deposition testimony of Robert Altmeyer, M.D., who concluded that Decedent did not suffer from asbestosis. Moreover, Dr. Altmeyer, in a medical report, attributed Decedent's cause of death to the following:

> This man's death was not related in any way to the presence of an occupationally related lung disease. It appears that this man had a cardiopulmonary arrest which was associated with a gastrointestinal bleed and severe chronic obstructive lung disease with probable aspiration pneumonia in the right lower lung zone. There is no evidence in the records which I evaluated to suggest that his death was aggravated by or hastened by the presence of any occupationally related lung disease such as pulmonary asbestosis. It is my opinion that his cigarette induced severe chronic obstructive lung disease would have made him more susceptible to the adverse affects (sic) of other serious illness such as gastrointestinal hemorrhage. Additionally, his underlying chronic renal failure with acute superimposed renal failure would make it much more difficult for him to withstand a significant other co-morbidity such as gastrointestinal bleeding.

Medical Report of Robert B. Altmeyer, M.D., January 25, 1993 at 11.

On July 6, 1993, the referee issued his decision, concluding that Claimant failed to sustain her burden that Decedent's death was caused in substantial part by his exposure to the hazards of asbestos. Specifically, the referee rendered the following relevant findings of fact:

6. The claimant offered a narrative report authored by decedent's treating physician, Dr. David Laman. Dr. Laman stated that decedent died of respiratory failure due to his end stage chronic obstructive lung disease and pneumonia. Dr. Laman further stated that decedent's asbestosis played a substantial contributing role in his pulmonary insufficiency and as a result in his death.

7. The defendant offered the deposition testimony of Robert B. Altmeyer, M.D. who is Board–Certified in critical care medicine. He reviewed all of the decedent's medical records and X–Ray. He concluded that decedent did not suffer from asbestosis; but noted that other physicians did not find that the defendant (sic) had interstitial asbestosis. Dr. Altmeyer stated the X-ray and medical evidence did not support the decedent's diagnosis of having asbestosis or pulmonary asbestos[is]. The reports support pulmonary emphysema due to increased lung markings and the decedent's significant history of cigarette smoking, which was about ½ to ¾ pack of cigarettes for a 46 year period.

8. Taking judicial notice that the Prior Referee's Decision determined that the decedent has asbestos exposure, it is not determined by this fact finder that asbestos was a contributing factor leading to the death of the decedent. This is based on the credible testimony of Dr. Robert B. Altmeyer which is more credible than the other physicians testifying in this case.

Referee's decision and order of July 6, 1993 at 3.

Claimant appealed to the Board that affirmed the decision of the referee. Notably, the Board wrote:

> The testimony of Dr. Altmeyer was the only medical testimony submitted in this proceeding. Dr. Altmeyer issued an unequivocal opinion that Decedent's asbestosis did not cause, precipitate, or substantially contribute to Decedent's death. The Board holds this testimony to be substantial evidence to support the Referee's denial of Claimant's fatal claim petition. The decision and order of the Referee will be affirmed.

Board's opinion and order of March 15, 1994 at 3.

■ On appeal to this court, Claimant asks us to consider whether the referee properly found credible the testimony of Employer's medical expert regarding Decedent's cause of death given that this medical expert believed that Decedent was not suffering from asbestosis, a belief that was in contravention of the referee's finding in the original claim petition that Decedent suffered from that condition.[3]

Claimant contends that Dr. Altmeyer's medical conclusion that Decedent did not die from asbestosis cannot support the referee's finding that asbestosis was not a substantial contributing factor of Decedent's death. Claimant posits that Dr. Altmeyer's medical testimony was legally flawed because he determined that Decedent did not suffer from asbestosis. According to Claimant, the parties finally litigated the issue of Decedent's asbestosis in the original claim petition and could not relitigate the issue in the fatal claim petition. Consequently, Claimant submits that the referee's finding was not supported by substantial evidence. We disagree.

■ We note that it is the function of the referee to determine issues of evidentiary weight and credibility. *Sell v. Workmen's Compensation Appeal Board (R.L. Keirn Electric Construction)*, 62 Pa.Commonwealth Ct. 5, 434 A.2d 904 (1981). Moreover, the referee may accept the testimony of any witness, including medical witnesses, in whole or in part. *Hines v. Workmen's Compensation Appeal Board (Mack Trucks, Inc.)*, 64 Pa.Commonwealth Ct. 371, 440 A.2d 664 (1982). Finally, we apply the principle that the referee is the sole finder of fact in these cases. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board and Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973).

In the instant case, the referee did not allow a relitigation of Claimant's condition. The referee expressly noted that the sole issue before him was Decedent's cause of death. Moreover, in rendering the dispositive finding of fact, the referee acknowledged that Claimant suffered from asbestosis. Specifically, the referee found that:

8. *Taking judicial notice that the Prior Referee's Decision determined that the decedent has asbestos exposure*, it is not determined by this fact finder that asbestos was a contributing factor leading to the death of the decedent. This is based on the credible testimony of Dr. Robert B. Altmeyer which is more credible than the other physicians testifying in this case.

Referee's decision and order of July 6, 1993 at 3 (Emphasis added).

It is clear from the referee's finding that he accepted Dr. Altmeyer's testimony in part. Specifically, the referee, as he was required to do, rejected Dr. Altmeyer's conclusion that Decedent did not suffer from asbestosis because the parties had litigated the issue in the original claim petition. *See Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993). However, the referee was free to accept, as he did, Dr. Altmeyer's conclusion that Decedent died from "cardiopulmonary arrest which was associated with a gastrointestinal bleed and severe chronic obstructive lung disease with probable aspiration pneumonia in the right lower lung zone," which was attributable to Decedent's cigarette smoking. Medical Report of Robert B. Altmeyer, M.D., January 25, 1993 at 11. It is beyond peradventure that although a claimant may suffer from a fatal medical condition, he or she does not necessarily have to die from that condition. Another unrelated medical condition may be the cause of death, as the facts of this case reveal.

Therefore, we conclude that substantial evidence supports the referee's finding that Decedent did not die of asbestosis. Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, January 11, 1995, we affirm the order of the Workmen's Compensation Appeal Board.

3. Our standard of review from an administrative agency is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.