**BETHENERGY MINES, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MUCKER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1996.

Decided Dec. 11, 1996.

John J. Bagnato, Johnstown, for petitioner.

Blair V. Pawlowski, Ebensburg, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Bethenergy Mines (employer) petitions for review of the June 4, 1996 order of the Workmen's Compensation Appeal Board (Board) reversing a referee's termination of George Mucker's (Mucker) partial disability benefits. We affirm.

As of April 1984, a referee found Mucker to be partially disabled from coal workers' pneumoconiosis after 37 years of occupational exposure to coal dust. In February 1990, the

employer filed its petition to modify or terminate Mucker's benefits, alleging that Mucker's condition had improved and that he was no longer disabled. A referee, accepting the employer's medical evidence as more persuasive and rejecting Mucker's medical evidence as equivocal, granted termination. On appeal, the Board reversed based on the Pennsylvania Supreme Court's decision in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993). The Board found the employer's medical evidence insufficient to support the referee's decision that Mucker was no longer disabled from coal workers' pneumoconiosis.

▮ Our review on appeal is limited to determining whether violations of constitutional rights or errors of law were committed, or whether the referee's findings of fact are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). The employer raises two issues for our consideration: 1) whether an award of benefits for disabling coal workers' pneumoconiosis is subject to termination as provided in Section 413 of the Workers' Compensation Act (Act),[1] and 2) whether the Supreme Court's decision in *Hebden* controls the outcome in the present case.

▮ Under the rule set forth by the Supreme Court in *Hebden*, absent a showing that the disease is reversible, an employer is precluded from trying to show that coal workers' pneumoconiosis in a particular claimant has been reversed. *Id.* The testimony of employer's medical witness, Dr. Gregory J. Fino, fails to establish either that the disease is reversible or that Mucker is no longer disabled.

Taken in its entirety, Dr. Fino's testimony confirms that disabling pneumoconiosis is not reversible. Although Dr. Fino concluded that Mucker was no longer disabled from pneumoconiosis, he agreed that it is impossible to reconcile that diagnosis with the prior determination that Mucker was so disabled. As Dr. Fino testified, "[F]rom a medical

standpoint, there's no explanation of how this man could be disabled in 1983 and not disabled in [sic] now." (Notes of Testimony at p. 16.) When pressed, Dr. Fino confirmed that in his opinion Mucker never had coal workers' pneumoconiosis and that Mucker was misdiagnosed in 1983. (Notes of Testimony at p. 19 et seq.)

Because the rule announced in *Hebden* is still the law in the Commonwealth, and because the employer has produced no evidence that pneumoconiosis can be reversed, the employer is precluded from relitigating the issue of Mucker's disability or the original medical diagnosis. *Behory v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 166 Pa.Cmwlth.66, 646 A.2d 31, 33 (1994). Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 11th day of December, 1996, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.