**William McGONIGAL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.

Decided March 9, 1998.

Publication Ordered June 15, 1998.

Vatche Kaloustian, Philadelphia, for petitioner.

Valerie H. Lieberman and Mary T. Uhlig, Philadelphia, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

William McGonigal (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting the City of Philadelphia's (Employer) petition for physical examination pursuant to Section 314(a) of the Workers' Compensation Act (Act).[1]

On July 21, 1979, while working as an active duty municipal firefighter, Claimant began to experience nausea, dizziness, lightheadedness, faintness and vomiting during a seven-part physical exertion test at a fire training school and had to be rushed to a hospital for emergency treatment. On October 15, 1979, Claimant filed a petition for compensation benefits pursuant to Section 108(o) of the Act[2] alleging that he was per-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651(a). Section 314(a) of the Act provides:

    At any time after an injury of the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination ... by an appropriate health care provider ... who shall be selected and paid for by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination, ... a workers' compensation judge ... may, ... upon petition of the employer, order the employe to submit to such examination ...

2. 77 P.S. § 27.1(o). Section 108(o) of the Act provides:

    Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen.

manently disabled as a result of his duties as a firefighter, which culminated in the July 21, 1979 incident. In granting Claimant's petition, the Referee found that Claimant was "partially disabled as a result of his approximately 20 years of firefighting" but concluded that he was totally disabled because "[Employer] ... made no attempt to show that there are light duty jobs available to Claimant outside the Fire Department which are within his physical disability and commensurate with his age, education and experience ..."[3] Pursuant to a notice of compensation payable, Claimant began receiving benefits as of July 21, 1979. Employer did not appeal this award.

On August 25, 1995, Employer scheduled a physical examination of Claimant but Claimant failed to attend the appointment. On September 26, 1995, Employer filed a petition for physical examination pursuant to Section of 314 of the Act in order to compel a physical examination of Claimant. Claimant filed an answer to the petition asserting that Employer was not entitled to a physical examination because his occupational disease was progressive by nature making his condition unchanged and that he should not be required to undergo a physical examination.[4] Claimant did not specify the exact nature of his "disease".

In ordering Claimant to submit to Employer's demand for a physical examination, the WCJ[5] found:

> The November 24, 1982 decision did not state the exact nature of the disease of the heart and/or lungs which Claimant was found to be disabled from ... while Claimant argues that [he] suffers from an occupational disease, that assertion alone is

grossly insufficient upon which to base a finding that it is of an irreversible nature.

He further concluded that because no evidence was presented to show that Claimant's condition was irreversible, the doctrines of issue preclusion, collateral estoppel and/or res judicata were not applicable to bar Claimant's submission to a physical examination. Claimant appealed to the Board, which affirmed, and this appeal followed.[6]

As he argued before the WCJ and the Board, Claimant again contends that Employer is precluded from requesting a physical examination because it is an attempt to relitigate what was settled during his claim petition proceeding. As support for this proposition, he relies on *Hebden v. Workers' Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), where our Supreme Court held:

> [A]n award may be terminated based upon *changes* in the employee's disability. But that raises the logical question of whether an employee's disability is *changeable* in a given case. If it is, an employee's condition may be re-examined at a later time to see if he is still disabled or not. If it is not, an attempt to re-examine the employee's condition is merely a disguised attempt to relitigate what has already been settled.

*Hebden* at 329, 632 A.2d at 1304 (emphasis in original). Claimant asserts that because *Hebden* dealt with an occupational disease and because he was awarded benefits for an occupational disease, his condition automatically becomes irreversible and no attempt can be made to re-examine him because to do

---

3. On May 28, 1980, Claimant began lightduty work as a security desk operator in Employer's fire administration building. However, because of chest pains, Claimant was forced to stop working and has not worked since June 3, 1980. The Referee determined that because this lightduty job was "not actually available to partially disabled firefighters on an extended basis", Claimant was totally disabled.

4. Claimant also asserted that he did not receive proper notice of the August 25, 1995 scheduled examination.

5. At the time of this proceeding, the designation of "Workers' Compensation Referee" had

changed to "Workers' Compensation Judge" pursuant to amendments to Section 401 of the Act, 77 P.S. § 701.

6. This Court's scope of review is limited to a determination of whether an error of law has been made, constitutional rights have been abridged, or necessary findings of fact have been supported by substantial evidence on the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Walk v. Workmen's Compensation Appeal Board (U.S.Air)*, 659 A.2d 645 (Pa. Cmwlth.1995).

so would be a veiled attempt to relitigate his condition.

Just because a disease is classified as "occupational" does not necessarily make the disease irreversible. For example, Section 108(i) of the Act, 77 P.S. § 27.1(i), characterizes "infection or inflammation of the skin due to oils, cutting compounds, lubricants, dust, liquids, fumes, gasses, or vapor, in any occupation involving direct contact with, handling thereof, or exposure thereto" as an occupational disease. Once exposure to these agents has ceased, the resulting infection and/or inflammation would cease as well, making the condition reversible. This is especially true under Section 108(o) of the Act dealing with heart and lung diseases of firemen. That provision, which is at issue here, recognizes that an occupational disease may be reversible by providing "[d]iseases of the heart and lungs, resulting in either *temporary* or *permanent* total or partial disability or death", 77 P.S. § 27.1(o) (emphasis added). Given this section, it is possible that Claimant's occupational disease may be reversible.

Moreover, *Hebden* would not preclude Employer from seeking a physical examination even if Claimant's condition was irreversible. *Hebden* involved the issue of whether the claimant's coal worker's pneumoconiosis had improved so that he was no longer disabled by that condition, making termination of his benefits appropriate, and not whether Claimant's condition permitted him to take alternative employment. Just because a claimant has an irreversible disease does not mean that no alternative work is suitable. This is illustrated here because while we do not know what specific "occupational" disease disabled Claimant; we do know that he was not totally disabled from all work as evidenced by his lightduty employment in 1980. The Referee in the claim petition proceeding found that Claimant was only partially disabled because of his occupational disease, but awarded total disability benefits only because Employer had failed to secure suitable alternative employment for him within his physical limitations. For Employer to secure suitable work, it needs to determine the extent of Claimant's disease and to identify what jobs may be suitable, thereby making a physical examination of Claimant a necessity.

Accordingly, for all of the above reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 9th day of March, 1998, the order of the Workers' Compensation Appeal Board, dated August 22, 1997, is affirmed.