**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WELSCH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 19, 1999.

Decided April 14, 1999.

Reargument Denied May 26, 1999.

Charlene Stewart Barnaba, Philadelphia, for petitioner.

Richard R. Di Stefano, Philadelphia, for respondent.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

The City of Philadelphia (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing the decision of the Workers' Compensation Judge (WCJ) ordering Joseph Welsch (Claimant) to undergo a physical examination pursuant to Section 314 of the Workers' Compensation Act (Act) [1].

In 1990, Claimant, who worked as a firefighter for Employer, was awarded total disability benefits by a WCJ for occupational heart and lung disease caused by work-related exposure to heat, smoke, gas and fumes. Because Claimant had not been examined by one of its doctors in over eight years, Employer requested in July 1996 that Claimant attend two independent medical examinations; one with a pulmonary specialist on September 18, 1996, and a second with a cardiologist on September 19, 1996.

---

1. Act of June 1915, P.L. 736, *as amended*, 77 P.S. § 651. Section 314 provides in pertinent part: At any time after an injury the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination or expert interview by an appropriate health care provider or other expert, who shall be selected and paid for by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination or expert interview by the health care provider or other expert selected by the employer, a workers' compensation judge assigned by the department may, upon petition of the employer, order the employe to submit to such examination or expert interview at a time and place set by the workers' compensation judge and by the health care provider or other expert selected and paid for by the employer or by a health care provider or other expert designated by the workers' compensation judge and paid for by the employer. The workers' compensation judge may at any time after such first examination or expert interview, upon petition of the employer, order the employe to submit himself to such further physical examinations or expert interviews as the workers' compensation judge shall deem reasonable and necessary[.]

When Claimant refused to attend either of those appointments, Employer filed a petition to compel a physical examination alleging that its request was reasonable and necessary because Claimant had not been examined by a cardiologist chosen by Employer since January 1, 1988, and that he also had not been examined by a pulmonary specialist of its choosing since May 31, 1989. Claimant filed an answer to the petition denying that Employer was entitled to any additional examinations contending that because he suffered from occupational disease to his lungs and heart, Employer was precluded from seeking a physical examination under our Supreme Court's decision in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines)*, 534 Pa. 327, 632 A.2d 1302 (1993),[2] unless Employer could introduce evidence that his condition was reversible.

Following a hearing, the WCJ granted Employer's petition finding the request reasonable and necessary because Employer had last requested a pulmonary exam and a cardiac exam eight and nine years ago, respectively. The WCJ also found that *Hebden* did not apply because there had been no previous adjudication as to the type of occupational disease suffered by Claimant or whether that condition was irreversible, and that the previous WCJ had awarded total disability benefits for Claimant's "occupational disease of heart and lungs" solely based on Employer's inability to rebut the statutory presumption that his disease was work-related.

Claimant appealed to the Board contending that because all occupational diseases are irreversible, Employer is barred from seeking another physical examination under *Hebden*. Agreeing with Claimant, the Board reversed, holding that *Hebden* did indeed prevent Employer from seeking an additional physical examination of Claimant. The Board stated that because Employer failed to introduce any evidence that Claimant's condition was reversible, any physical examination would be an impermissible attempt to relitigate Claimant's occupational disease. This appeal by Employer followed.[3]

█ The sole issue on appeal is whether the Board erred in concluding that Employer's petition is barred because there was no evidence presented by Employer to show that Claimant's occupational disease was reversible. Employer contends that under our recent decision in *McGonigal v. Workers' Compensation Appeal Board (City of Philadelphia)*, 713 A.2d 692 (Pa.Cmwlth.1998), Claimant's occupational heart and lung disease is not to be automatically considered irreversible, and even if it is irreversible, it should still be entitled to a physical examination to determine whether there is suitable alternative work available to Claimant. We agree.

In *McGonigal*, the claimant, who was a firefighter for the City of Philadelphia, filed a petition under Section 108(o) of the Act, 77 P.S. § 27.1(o),[4] alleging that he was permanently disabled as a result of his firefighting duties. He was awarded total disability benefits, even though the referee found that he

**2.** In *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), where our Supreme Court held that "an award may be terminated based upon changes in the employee's disability. But that raises the logical question of whether an employee's disability is changeable in a given case. If it is, an employee's condition may be re-examined at a later time to see if he is still disabled or not. If it is not, an attempt to re-examine the employee's condition is merely a disguised attempt to relitigate what has already been settled." *Hebden* at 329, 632 A.2d at 1304.

**3.** This Court's scope of review is limited to a determination of whether an error of law has been committed, whether constitutional rights were violated, or whether necessary findings of

fact are supported by substantial evidence of record. *Stephens v. Workmen's Compensation Appeal Board (St. Ignatius Nursing Home)*, 168 Pa.Cmwlth. 570, 651 A.2d 200 (1994).

**4.** Section 108(o) of the Act provides:

The term "occupational disease," as used in this [A]ct, shall mean only the following diseases .... (o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such fireman.

was only partially disabled, because the employer failed to show that there was alternate employment available within the claimant's physical capacities. Six years later, after the claimant failed to attend an appointment to undergo a physical examination scheduled by the employer, the employer filed a petition to compel a physical examination under Section 314 of the Act. In reply to the employer's petition, the claimant raised *Hebden* as barring the employer from seeking a physical examination. The WCJ granted the petition finding that the mere assertion that the claimant suffered from an occupational disease was insufficient to show that his disease was irreversible in nature and, therefore, *Hebden* did not preclude the employer from having the claimant examined. After the Board affirmed, the claimant appealed to this Court again contending that *Hebden* barred the employer from seeking a physical examination because he suffered from an occupational disease as a result of firefighting which is, by its nature, irreversible.

In holding that *Hebden* did not bar the employer's request for a physical examination, we stated:

> Just because a disease is classified as "occupational" does not necessarily make the disease irreversible. For example, Section 108(i) of the Act, 77 P.S. § 27.1(i), characterizes "infection or inflammation of the skin due to oils, cutting compounds, lubricants, dust, liquids, fumes, gasses, or vapor, in any occupation involving direct contact with, handling thereof, or exposure thereto" as an occupational disease. Once exposure to these agents has ceased, the resulting infection and/or inflammation would cease as well, making the condition reversible. This is especially true under Section 108(o) of the Act dealing with heart and lung diseases of firemen. That provision, which is at issue here, recognizes that an occupational disease may be reversible by providing "[d]iseases of the heart and lungs, resulting in either *temporary* or *permanent* total or partial disability or death," 77 P.S. § 27.1(o). Given this section, it is possible that Claimant's occupational disease may be reversible.

Moreover, *Hebden* would not preclude Employer from seeking a physical examination even if Claimant's condition was irreversible. *Hebden* involved the issue of whether the claimant's coal worker's pneumoconiosis had improved so that he was no longer disabled by that condition, making termination of his benefits appropriate, and not whether Claimant's condition permitted him to take alternative employment. Just because a claimant has an irreversible disease does not mean that no alternative work is suitable.... For Employer to secure suitable work, it needs to determine the extent of Claimant's disease and to identify what jobs may be suitable, thereby making a physical examination of Claimant a necessity. (Emphasis in original).

*Id.* at 694.

In the present case, the WCJ found that the occupational disease that Claimant suffered from was never specified but was referred to simply as "occupational disease of heart and lungs." Just like in *McGonigal*, the Act contemplates that such occupational diseases in firefighters may indeed be reversible. Furthermore, even if Claimant's occupational disease is irreversible, Employer is entitled to an examination to identify what alternate jobs may be suitable and available to Claimant. Otherwise, as Employer notes in its brief, all occupational disease claimants would be put into an untouchable class that can never be subject to an evaluation of their physical status, work capacities or medical treatment. Consequently, the Board erred in reversing the decision of the WCJ who properly concluded that Employer's petition was not barred under *Hebden*.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 14th day of April, 1999, the order of the Workers' Compensation Appeal Board at No. A97–0631 dated November 25, 1998, is reversed.